## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JARED BARBIN**                                                    **CIVIL ACTION**

**VERSUS**                                                              **No. 23-5698**

**INTEGON NATIONAL**                                         **SECTION I**
**INSURANCE COMPANY**

## <u>ORDER & REASONS</u>

Before the Court is defendant Integon National Insurance Company's ("defendant") motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Jared Barbin ("plaintiff") has not filed a response to the motion, and the deadline for doing so has passed.[2] For the reasons set forth below, the Court grants the motion to dismiss.

## I.    BACKGROUND

This matter concerns a Hurricane Ida insurance claim. Plaintiff owned the property at issue in this dispute.[3] The property, at the time of the damage, was subject to an insurance policy ("the Policy") issued by defendant.[4] Following damage to the property, plaintiff claims that defendant breached the Policy and acted in bad faith by failing to make required payments.[5]

---

[1] R. Doc. No. 3.
[2] Pursuant to Local Rule 7.5, plaintiff's deadline to respond to defendant's motion was November 7, 2023.
[3] R. Doc. No. 1-1, ¶ 2.
[4] *Id.*
[5] *Id.*, ¶¶ 13–16.

1

In its motion to dismiss, defendant alleges that the Policy was purchased by Assurance Financial Group, LLC (the "mortgagee"), the holder of a mortgage on plaintiff's property, after plaintiff failed to provide evidence that he had purchased adequate insurance.[6] Defendant argues that the mortgagee purchased the insurance to protect its own interests in the property, not to protect plaintiff's interests.[7] Therefore, defendant denies that plaintiff is covered by the Policy and moves to dismiss plaintiff's claims pursuant to Rule 12(b)(6).[8]

## II.    STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*,

---

[6] R. Doc. No. 3-1, at 10.
[7] *Id.*
[8] *Id.* at 12.

790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In addition to considering the complaint and its attachments, the Court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).

### III.   ANALYSIS

As discussed, defendant moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) because plaintiff is not an insured, additional insured, or third-party beneficiary of the Policy.[9] Because the Policy is attached to the motion to dismiss, referenced in plaintiff's complaint, and central to plaintiff's claim, the Court may consider the Policy to decide this motion. *See Causey*, 394 F.3d at 288.

Neither party disputes that Louisiana law governs this matter.[10] Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So. 2d at 580).

Louisiana law permits enforcement of policies by intended third-party beneficiaries in addition to enforcement by the named insured or additional named

---

[9] R. Doc. No. 3-1, at 10.

[10] Plaintiff's complaint asserts claims pursuant to Louisiana law. R. Doc. No. 1-1. Defendant's motion to dismiss invokes Louisiana law to analyze whether plaintiff has sufficiently stated his claims. R. Doc. No. 3-1, at 15.

insured. *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x 44, 47 (5th Cir. 2010). "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed. To establish a stipulation *pour autri*, a party must demonstrate that: '(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *4 (E.D. La. Jan. 10, 2023) (Vitter, J.) (quoting *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006)).

The language of the Policy issued by defendant is clear. The Policy states "[defendant] agrees to indemnify [the mortgagee] for a covered LOSS not to exceed the amount issued. . ."[11] The notice of insurance further provides that "[t]he contract of insurance is only between [the mortgagee] and [defendant]. There is no contract of insurance between the [plaintiff] and [defendant]."[12] Pursuant to the plain language of the Policy, the notice of insurance provided to plaintiff, and the Louisiana standard of interpretation, plaintiff is neither an insured nor an additional insured. *See Cadwallader*, 848 So .2d at 580.

Additionally, plaintiff is not an intended third-party beneficiary pursuant to Louisiana law. The Policy was purchased by the mortgagee "to protect [its] interest in the property."[13] There was no intent to confer a direct benefit upon plaintiff. "Any

---

[11] R. Doc. No. 9-2, at 18.
[12] *Id.* at 93.
[13] *Id.* at 89.

5

benefit conferred on plaintiff was merely incidental to the mortgagee's coverage." *Fontenot v. Great Am. Assurance Co.*, No. CV 23-2062, 2023 WL 6065152, at *4 (E.D. La. Sept. 18, 2023) (Africk, J.); *see also Riley v. Sw. Bus. Corp.*, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vitter, J.) ("Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the *mortgagee's* interest. Though [the mortgagor] may incidentally benefit from the stopgap coverage, he was not an intended beneficiary and is thus not entitled to enforce the contract in court."); *Gisclair v. Great American Assurance Company*, 2023 WL 1765922, at *6 (E.D. La., Feb. 3, 2023) (Morgan, J.); *Johnson*, 2023 WL 143325, at *4. Because plaintiff does not assert a plausible claim for relief under the Policy, plaintiff's breach of contract claim must be dismissed pursuant to Rule 12(b)(6).

Plaintiff additionally claims that defendant is liable for violating statutory duties pursuant to La. R.S. §§ 22:1973 and 22:1892. "These claims rely on the existence of a valid, underlying insurance claim." *See Fontenot v. Great Am. Assurance Co.*, No. CV 23-2062, 2023 WL 6065152, at *4 (citing *Gisclair*, 2023 WL 1765922, at *7); *see also Riley*, 2008 WL 4286631, at *3. "Because plaintiff is not covered by the Policy, these claims also lack a plausible basis." *Fontenot v. Great Am. Assurance Co.*, No. CV 23-2062, 2023 WL 6065152, at *4.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED.** The above-captioned matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 20, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**